**STATE of Missouri, Plaintiff–Appellant,**

v.

**Bruce R. MORRIS,
Defendant–Respondent.**

No. 58694.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 12, 1991.

---

**3.** We are not presented with the question of

whether these two remedies were consistent.

Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-appellant.

Robert Wolfrum, St. Louis, for defendant-respondent.

SMITH, Presiding Judge.

The state appeals from an order of the trial court dismissing, on double jeopardy grounds, the state's amended information alleging defendant violated the armed criminal action statute. Sec. 571.015 R.S.Mo. 1986. We affirm.

Defendant was originally charged, in a two count information, with first degree murder and armed criminal action in the killing of his wife. Prior to trial the prosecution moved to sever the counts and following severance proceeded to trial on the murder first degree charge seeking the death penalty. The jury acquitted defendant of first degree murder, and convicted him of voluntary manslaughter. We affirmed that conviction in *State v. Morris*, 784 S.W.2d 815 (Mo.App.1990). Defendant moved for dismissal of the armed criminal action charge. The court sustained that motion.

■ The armed criminal action charge is based upon the homicide of defendant's wife; the same death which formed the basis for the first degree murder charge. This case is controlled by *State ex rel. Bulloch v. Seier*, 771 S.W.2d 71 (Mo. banc 1989) involving identical operative facts. There the Supreme Court held that armed criminal action, by definition, incorporates all the elements of the underlying felony and so constitutes the same offense for double jeopardy purposes. Under *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) it is proper, where the legislature has specifically authorized cumulative punishments for the same offense, for a prosecutor to seek and the court or jury to impose cumulative punishments "in a single trial". *Id.* 103 S.Ct. at 679. In *Bulloch* the court, relying upon the "single trial" language of *Hunter*, concluded that *Hunter* has application only in a single proceeding format and does not control where there is an attempt at successive prosecutions. *Bulloch*, 1.c. 76. The *Bulloch* court made absolute its rule in prohibition banning the successive prosecution of the armed criminal action charge.

The state attempts to distinguish *Bulloch* on the basis that there the indictment for armed criminal action was not issued until after the prior trial whereas here the armed criminal action charge was pending at the time of trial. That is a distinction without a difference. The holding in *Bulloch* is that cumulative punishments for the same offense can be assessed only if they arise in the same proceeding. When the successive prosecution is commenced is immaterial. *See Bulloch*, ftnt. 1, which calls attention to the fact that in that case the state was aware of the facts supporting the armed criminal action charge at the time it proceeded with the murder prosecution. The same is obviously true here.

■ The state further contends it is put in an untenable position because it could not have tried the first degree murder and the armed criminal action because of Sec. 565.004 R.S.Mo.1986 and the then applica-

ble MAI–Cr. *Bulloch* specifically held that under the facts here the murder and armed criminal action could have been tried together. Further the state's argument suggests that defendant's constitutional right to be free from double jeopardy must yield to the state's interest and convenience in obtaining cumulative punishments. We believe defendant's constitutional rights take precedence.

Judgment affirmed.

SATZ and CARL R. GAERTNER, JJ., concur.