**STATE of Missouri, Respondent,**

v.

**Markess FLENOY, Appellant.**

No. 80574.

Supreme Court of Missouri,
En Banc.

May 26, 1998.

Rehearing Denied June 16, 1998.

---

6. Section 565.004.1 RSMo 1986.

Susan L. Hogan, Appellate Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Respondent.

PER CURIAM.[1]

Markess Flenoy appeals from the judgment entered on jury verdicts finding him guilty of robbery in the first degree under section 569.020, RSMo 1994,[2] and armed criminal action under section 571.015. Flenoy was sentenced to ten and twenty-year prison terms, respectively. The sentences were to run consecutively with a life sentence he received in a previous trial for second degree murder involving the same incident. The judgment is affirmed.

On September 1, 1993, sometime after 10:00 p.m., the victim drove to a bank automatic teller machine ("ATM") in the City of St. Louis with his daughter as a passenger. After the victim put his card into the ATM, two males approached the victim's car. One of the men, later identified as Flenoy, approached the driver's side of the car, and the other approached the passenger's side. Flenoy brandished a gun and said to the victim, "Get all of the money out.... Hurry up. You think I'm playing?" As the victim attempted to get the money out, one of the men said, "Get in," and they attempted to open the car doors. Flenoy then fired the

---

1. The appeal in this case was originally decided by the Court of Appeals, Eastern District, in an opinion written by the Honorable Mary Rhodes Russell. Following transfer to this Court, the court of appeals opinion, as modified, is adopted as the opinion of this Court.

2. All statutory references hereinafter are to RSMo 1994 unless otherwise indicated.

gun three times, striking and killing the victim.

Flenoy was charged in a single indictment with first degree murder under section 565.020, first degree robbery under section 569.020, and two counts of armed criminal action under section 571.015. In November 1995, trial began on the murder charge alone. Flenoy was convicted of the lesser included offense of murder in the second degree, under section 565.021.1.(2), and was sentenced to life in prison. This conviction was affirmed. *State v. Flenoy*, 936 S.W.2d 175 (Mo.App.1996).

In November 1996, Flenoy was tried for the remaining charges of robbery in the first degree and the related count of armed criminal action.[3] Flenoy moved to dismiss the charges, asserting that trying him for robbery and armed criminal action following his conviction for murder based on the same robbery constituted double jeopardy. The trial court overruled the motion to dismiss. The court concluded that "the legislative intent could not have been then [sic] that the defendant could only be tried on the murder and not on any additional counts."[4] Flenoy was subsequently convicted and sentenced to ten years in prison for robbery and twenty years for armed criminal action, to be served consecutively to the life sentence previously imposed for murder.

In his only point on appeal, Flenoy argues that the trial court erred in overruling his motion to dismiss the robbery and armed criminal action counts on the grounds of double jeopardy. Flenoy contends that the state, in trying him for robbery and armed criminal action after his conviction for murder in the second degree under the felony murder theory, subjected him to successive prosecutions for the same offense. The state, however, asserts that double jeopardy is not applicable because the statutory language defining the offenses of murder and the underlying felony of robbery, sections 565.021.2 and 571.015.1, respectively, demon-

strate that the state legislature intended that those crimes be tried and punished as separate offenses. The state also contends that since all of the charges against Flenoy were originally brought in a single indictment, and the robbery and armed criminal action charges were severed from the murder charge before the initial trial, Flenoy waived any objection of double jeopardy by not raising it until after he was convicted of murder.

■ The United States Constitution's double jeopardy clause provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." The clause contains two distinct protections for criminal defendants: (a) protection from successive prosecutions for the same offense after either an acquittal or a conviction and (b) protection from multiple punishments for the same offense. *State v. Snider*, 869 S.W.2d 188, 195 (Mo.App.1993). The protection applies only to multiple punishments or prosecutions for the "same offence." Multiple convictions are permissible if the defendant has in law and in fact committed separate crimes. *Id.*

Flenoy contends that he was convicted twice for the same offense because the state was not required to prove any additional facts for the charges in the second trial than it was required to prove in the murder trial. Flenoy relies for this analysis on *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which stated that:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Id.* at 304.

■ *Blockburger*, however, does not exist in a vacuum. In *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the Court explained that "the *Blockburger* test is a 'rule of statutory construc-

---

3. The second count of armed criminal action was dropped.

4. The court's holding was based on section 565.004.1, which provides in pertinent part:

"[N]o murder in the first degree offense may be tried together with any offense other than murder in the first degree."

tion.'" Because *Blockburger* serves as a means of discerning congressional purpose, the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent. *Id.* at 367, 103 S.Ct. at 678–79 (quoting *Albernaz v. United States*, 450 U.S. 333, 340, 101 S.Ct. 1137, 1142–43; 67 L.Ed.2d 275 (1981)). Taken in context with *Hunter, Blockburger* establishes a rebuttable presumption that cumulative punishment is barred where statutes fail the "same elements" test. *Hunter* explicitly concluded, therefore, that when a legislature specifically authorizes cumulative punishment under two statutes, the prosecutor may seek, and the trial court or jury may impose, cumulative punishment under such statutes in a single trial, regardless of whether those two statutes proscribe the same conduct under *Blockburger*. *Id.* at 368–369, 103 S.Ct. at 679–80.

Flenoy asserts that while *Hunter* does clarify what constitutes double jeopardy in the multiple punishment context, it is not applicable to cases, like the instant case, of successive prosecution. Flenoy's distinction is based on this Court's analysis of *Hunter* in *State ex rel. Bulloch v. Seier*, 771 S.W.2d 71 (Mo. banc 1989). In *Bulloch,* the defendant was initially tried for the first degree murder of his wife. The jury found the defendant guilty of the lesser included offense of involuntary manslaughter. *Id.* at 71–72. Following the homicide trial, the defendant was indicted on additional charges, including armed criminal action, in connection with the prior conviction for involuntary manslaughter. *Id.* at 72. The Court held that the defendant's conviction for armed criminal action did constitute double jeopardy and reversed the conviction. Had the charges been tried in one proceeding, the Court stated there could be no question the defendant's claim of double jeopardy would fail since the legislature had, in section 565.004, RSMo 1986,[5] clearly stated its intent to allow the convictions. *Bulloch*, 771 S.W.2d at 72. The

Court "reluctantly" concluded that *Hunter* was not controlling where there was an attempt at successive prosecution. *Id.* at 75–76.

■ *Bulloch*, however, has been implicitly overruled by the Supreme Court of the United States in *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).[6] Therein, the Supreme Court rejected the notion that the "successive prosecution" strand of the double jeopardy clause had a different meaning from the "successive punishment" strand. *Id.* at 704, 113 S.Ct. at 2860. *Dixon* stated that the term "same offence" had the same meaning in either context, because:

> [I]t is embarrassing to assert that the single term "same offence" (the words of the Fifth Amendment at issue here) has two different meanings—that what is the same offense is yet not the same offense.

*Id.*

■ Thus, the Court concluded, the government "is entirely free to bring them separately, and can win convictions in both." *Id.* Following *Dixon*, the Eighth Circuit stated that "if two offenses are not the same for purposes of barring multiple punishment [at a single trial], they necessarily will not be the same for purposes of barring successive prosecutions." *United States v. Bennett*, 44 F.3d 1364, 1372 n. 7 (8th Cir.1995). Applying the logic of *Dixon* and *Bennett*, the analysis used in *Hunter* should necessarily be extended to double jeopardy cases involving successive prosecution.

■ In analyzing the present case, we must determine whether murder using a felony murder theory, robbery, and armed criminal action counts are the "same offense" for double jeopardy purposes. We look first to legislative intent, in that under *Hunter*, failure of the *Blockburger* "same elements" test is not dispositive where the legislature has clearly expressed a contrary intent. *Hunter*, 459 U.S. at 367, 103 S.Ct. at 678–79. Legis-

---

5. Section 565.004, RSMo 1986, the statute discussing the joinder of offenses with a charge of first degree murder, allowed joinder "when all such offenses arise out of the same transaction or constitute part of a common scheme or plan."

6. *State v. Morris*, 805 S.W.2d 347 (Mo.App.1991), followed *Bulloch*, holding that the trial and conviction of a defendant for armed criminal action after his trial and conviction for voluntary manslaughter based on the same homicide constituted double jeopardy. *Morris* has also been implicitly overruled by *Dixon*.

lative intent can be discerned from the statutes defining each crime.

The murder statute, section 565.021.2, clearly states that "the punishment for second degree murder shall be in addition to the punishment for commission of a related felony or attempted felony, other than murder or manslaughter." Thus, by the plain language of the statute, punishment for the underlying felony of robbery in the first degree is intended to be in addition to murder. Likewise, the Missouri armed criminal action statute, section 571.015.1, states that "punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon."

Due to the expressed intent of the legislature to punish each of the three offenses cumulatively, it is unnecessary to engage in a *Blockburger* analysis. Even if the offenses fail the *Blockburger* test, the legislative intent analysis of *Hunter* allows successive prosecutions under *Dixon*. As *Bennett* clarifies, because the offenses are not "the same" in a double jeopardy sense for purposes of barring multiple punishment in a single trial, they necessarily are not the same offense for purposes of barring multiple prosecution. *Bennett*, 44 F.3d at 1372 n. 7. In that murder, robbery, and armed criminal action are not the same offense, double jeopardy does not apply in this case.

The judgment is affirmed.

All concur.