**STATE of Missouri, Respondent,**

v.

**Dennis A. BLACKMAN, Appellant.**

### No. 80617.

Supreme Court of Missouri,
En Banc.

May 26, 1998.

Rehearing Denied June 16, 1998.

---

**4.** *Strickland,* 466 U.S. at 695, 104 S.Ct. at 2068– 69.

N. Scott Rosenblum, Susan Kister, Wittner, Poger, Rosenblum, Kessler, Spewak & Maylack, P.C., Clayton, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for Respondent.

PER CURIAM.[1]

Dennis A. Blackman was charged by a single indictment with two counts, first degree murder under section 565.020, RSMo 1986, and armed criminal action under section 571.015, RSMo 1986, for the death of St. Louis County police officer Joann Liscombe. The counts were severed. On the murder count, Blackman was convicted of murder, second degree, pursuant to section 565.021, RSMo 1986. This conviction was affirmed. *State v. Blackman*, 875 S.W.2d 122 (Mo.App. 1994).

Blackman subsequently was tried on the armed criminal action count. He was convicted and sentenced to a term of life imprisonment to be served consecutively to the term of life imprisonment imposed on his second degree murder conviction. Blackman now appeals from the armed criminal action conviction and sentence on the basis of double jeopardy.[2]

In his only point on appeal, Blackman contends the trial court erred in denying his motion to dismiss the armed criminal action charge. Blackman asserts that the armed criminal action offense incorporates all the elements of the underlying felony of murder in the second degree. He contends that the armed criminal action count could have been tried with the murder count and any subsequent prosecution on the armed criminal action count violated the double jeopardy clause of the federal constitution.[3]

Blackman argues that under *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the state was required to try him on both counts of murder and armed criminal action in one trial, not successive trials. In *Hunter*, the Supreme Court of the United States held that where a legislature specifically authorizes cumulative punishment under two statutes, cumulative punishments may be imposed against a defendant in one trial. *Id.* at 368–69, 103 S.Ct. at 679–80. As a result, the Court found defendant's prosecution for armed criminal action and first degree robbery in one trial did not constitute double jeopardy. *Id.*

Blackman also relies on *State ex rel. Bulloch v. Seier*, 771 S.W.2d 71 (Mo. banc 1989), and *State v. Morris*, 805 S.W.2d 347 (Mo. App. E.D.1991), which held a successive prosecution for armed criminal action after a prosecution for murder violated the double jeopardy clause.

In *Bulloch*, the defendant was first tried for murder in the first degree for the death of his wife. *Bulloch*, 771 S.W.2d at 71. The jury found the defendant guilty of the lesser

---

1. The appeal in this case was originally decided by the Court of Appeals, Eastern District, in an opinion written by the Honorable Mary K. Hoff. Following transfer to this Court, the court of appeals opinion, as modified, is adopted as the opinion of this Court.

2. Because the facts of the crimes are not at issue, we will not discuss them here. For a detailed discussion of the facts, see *State v. Blackman*, 875 S.W.2d 122 (Mo.App.1994).

3. The double jeopardy clause of the Fifth Amendment of the United States Constitution, applicable to the states through the Fourteenth Amendment, provides no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."

included offense of involuntary manslaughter. *Id.* at 71–72. After that homicide trial, defendant was indicted and tried on additional charges, including armed criminal action arising out of his wife's death. *Id.* at 72. The Supreme Court of Missouri held that, because the armed criminal action charge was not tried with the underlying felony in one proceeding, subsequent prosecution of that charge violated the double jeopardy clause. *Id.* at 75.

In *Morris*, the defendant was charged in an information with two counts, first degree murder and armed criminal action, for the killing of his wife. *Morris*, 805 S.W.2d at 348. Prior to trial, the two counts were severed, and defendant was tried only on the murder in the first degree count, for which the state sought the death penalty. The jury convicted defendant of voluntary manslaughter. Defendant moved to dismiss the armed criminal action charge, and the trial court sustained his motion. The court of appeals, relying on *Bulloch*, affirmed the judgment and held "cumulative punishments for the same offense can be assessed only if they arise in the same proceeding." *Id.* at 348.

Subsequent to *Hunter*, *Bulloch*, and *Morris*, the Supreme Court of the United States decided *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). In *Dixon*, the Court held "same offence" no longer had a different meaning in a "successive prosecution" context than in a "successive punishment" context. *Dixon*, 509 U.S. at 704, 113 S.Ct. at 2860. The Court concluded, the government "is entirely free to bring [same offenses to trial] separately, and can win convictions in both."[4] *Id.* at 705, 113 S.Ct. at 2860–61.

In *Dixon* the Court also reaffirmed the "same offence" test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The *Blockburger* test asks whether each offense requires proof of an additional element that the other offense does not; if each offense does not require proof of an additional element, then a successive prosecution would be considered double jeopardy. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. In *Hunter*, the Supreme Court of the United States held a court should apply the *Blockburger* test only when there is no clear legislative intent as to whether successive punishment should be imposed. *Hunter*, 459 U.S. at 367–68, 103 S.Ct. at 678–79.

■ Based on these authorities, our double jeopardy analysis requires a determination of whether there is clear legislative intent to punish a defendant cumulatively for second degree murder and armed criminal action. If the legislature intended that a defendant be successively punished for those offenses, then the state may do so either in a single trial or in separate trials. If legislative intent is clear, then the elements of each crime under the *Blockburger* test need not be examined.

Section 571.015.1, RSMo 1986, provides the following definition of armed criminal action:

> [A]ny person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action.... The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon....

Because this statute expressly states punishment for armed criminal action is "in addition to" other punishment defendant may receive for the felony committed, it clearly establishes the legislature's intent to provide for successive punishment for those crimes.

Section 565.004, RSMo 1986,[5] states the following, in pertinent part:

**4.** The Court noted the government may be collaterally estopped from bringing a "later prosecution for a separate offense where the [g]overnment has lost an earlier prosecution involving the same facts." *Dixon*, 509 U.S. at 705, 113 S.Ct. at 2860–61. This, however, was not at issue in *Dixon* and is not at issue in the case before us.

**5.** This section was amended in 1994. However, because the 1986 statute applies to this case, the amendment will not be addressed.

1. Each homicide offense which is lawfully joined in the same indictment or information together with any homicide offense or offense other than a homicide shall be charged together with such offense in separate counts. A count charging any offense of homicide may only be charged and tried together with one or more counts of any other homicide or offense other than a homicide when all such offenses arise out of the same transaction or constitute part of a common scheme or plan. Except as provided in subsections 2, 3, and 4 of this section, no murder in the first degree offense may be tried together with any offense other than murder in the first degree.

2. A count charging any offense of homicide of a particular individual may be joined in an indictment or information and tried with one or more counts charging alternatively any other homicide or offense other than a homicide committed against that individual. . . .

While this statute was interpreted in *Bulloch* and *Morris* to preclude successive prosecution of a homicide offense and an "offense other than homicide when all such offenses arise out of the same transaction or constitute part of a common scheme or plan," [6] this distinction between successive prosecution and successive punishment is now moot in light of *Dixon*. *Dixon* broadened the holding in *Hunter* and implicitly overruled *Bulloch* and *Morris*.

*Dixon* holds, for purposes of double jeopardy analysis, what the state may prosecute in one proceeding, it may prosecute in successive proceedings when the legislature clearly permits multiple punishments. Because the legislature clearly and expressly provided for successive punishment for both armed criminal action and the underlying felony, in this case murder in the second degree, the state was "entirely free to bring them separately, and can win convictions in both." See *Dixon*, 509 U.S. at 705, 113 S.Ct. at 2860–61.

Blackman's conviction for armed criminal action in a separate trial following his conviction for murder in the second degree arising out of the same incident does not constitute double jeopardy. The judgment is affirmed.

BENTON, C.J., and PRICE, LIMBAUGH, ROBERTSON, COVINGTON and HOLSTEIN, JJ., and ULRICH, Special Justice concur.

WHITE, J., not sitting.

---

6. Section 565.004.1 RSMo 1986.