

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,547

**EX PARTE JESSE CHADDOCK, Applicant**

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. W04-01705-K(A) IN THE CRIMINAL DISTRICT COURT
### NO. 4 FROM DALLAS COUNTY

**KEASLER, J., delivered a dissenting opinion, in which HERVEY, J., joined.**

The Court concludes that engaging in organized criminal activity and the predicate offense are the "same offense" when each offense is separately prosecuted. And upon conviction of the former, double jeopardy bars prosecution of the latter. But when the two offenses are tried together, double jeopardy is not offended. I disagree with the logical inconsistency that results from defining "same offense" by virtue of the double-jeopardy claim's context.

The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb."[1] "This protection applies both to

---

[1] U.S. CONST. amend. IV; *accord Missouri v. Hunter*, 459 U.S. 359, 362 (1983).

successive punishments and to successive prosecutions for the same criminal offense."[2]

Specifically, the United States Supreme Court outlined—and we have recognized—three

distinct double-jeopardy claims: (1) a second prosecution for the same offense after acquittal;

(2) a second prosecution for the same offense after conviction; and (3) multiple punishments

for the same offense.[3] "[A] threshold question in [each] case is whether the defendant is

being punished or prosecuted for the 'same offense.'"[4]

Determining whether two offenses are the same offense requires examining legislative

intent. The Supreme Court has held that, for all double-jeopardy claims, the test articulated

in *Blockburger v. United States* is a tool for ascertaining whether a legislature intended two

separately prescribed offenses to be the same offense.[5] "The assumption underlying the

*Blockburger* [test] is that Congress ordinarily does not intend to punish the same offense

under two different statutes."[6] We also have recognized that "the *Blockburger* test is . . .

useful in determining legislative intent as to the scope of punishment where the intent is not

---

[2] *United States v. Dixon*, 509 U.S. 688, 696 (1993) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

[3] *See id*.; *Weinn v. State*, 326 S.W.3d 189, 192 (Tex. Crim. App. 2010).

[4] *State v. Perez*, 947 S.W.2d 268, 270 (Tex. Crim. App. 1997).

[5] 284 U.S. 299 (1932); *accord Albernaz v. United States*, 450 U.S. 333, 337–38, 340–42 (1981) (multiple punishments); *Brown v. Ohio*, 432 U.S. 161, 166 & n.6 (1977) (successive prosecutions).

[6] *Ball v. United States*, 470 U.S. 856, 861 (1985).

otherwise manifested, and does not operate to trump clearly expressed legislative intent."[7]

In *Garza v. State*, a multiple-punishment case, we relied upon these principles in holding that two offenses—engaging in organized criminal activity and the underlying offense (capital murder in that case)—were not the same offense for double-jeopardy purposes.[8]  While admitting that the two offenses would have been the same under the *Blockburger* test, we considered Penal Code Section 71.03(3)'s provision that "[i]t is no defense to prosecution [for engaging in organized criminal activity] that a person has been charged with, acquitted, or convicted of any [underlying] offense."[9]  We reasoned that "the Legislature . . . indicated with sufficient clarity its intention that a defendant charged with engaging in organized criminal activity may also be charged (at least in the same proceeding) with the underlying offense and punished for both."[10]

Chaddock acknowledges—and does not challenge—our holding in *Garza*; his sole argument is that engaging in organized criminal activity and the underlying offense are the same offense in the successive-prosecution context because the underlying offense is a lesser-included offense.  This characterization alone is dispositive in the majority's view.  I disagree.

---

[7]  *Weinn*, 326 S.W.3d at 192 (internal quotes omitted).

[8]  213 S.W.3d 338, 351–52 (Tex. Crim. App. 2007).

[9]  TEX. PENAL CODE § 71.03(3); *accord Garza*, 213 S.W.3d at 352.

[10]  *Garza*, 213 S.W.3d at 352.

In *United States v. Dixon*, the Supreme Court held that the term "same offense" has the same meaning in both the multiple-punishment and successive-prosecution contexts.[11] In overruling *Grady v. Corbin*,[12] the *Dixon* majority discarded the same-conduct test because it necessitated defining "same offense" differently in the multiple-punishment and successive-prosecution contexts.[13] In reaching this conclusion, the Court affirmatively rejected the notion that the Double Jeopardy Clause's prevention of successive prosecution and punishment results in two distinct strands entitled to a different meaning in each context.[14] And it did so unequivocally: "That is perhaps because it is embarrassing to assert that the single term 'same offence' . . . has two different meanings—that what *is* the same offense is yet *not* the same offense."[15] Thus, *Dixon* demands that the test for what constitutes the same offense be the same in both contexts.[16] As a result, the now-singular analysis that

---

[11]  *Dixon*, 509 U.S. at 704.

[12]  495 U.S. 508 (1990).

[13]  *Dixon*, 509 U.S. at 704.

[14]  *Id*.

[15]  *Id*. (emphasis in original).

[16]  *Id*.; *accord United States v. Bennett*, 44 F.3d 1364, 1372 n.7 (8th Cir. 1995) (quoting *Brown*, 432 U.S. at 165, for the proposition that "if two offenses are the same under the [*Blockburger*] test for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions," and citing *Dixon* to deduce the converse proposition that "if two offenses are not the same for purposes of barring multiple punishment, they necessarily will not be the same for purposes of barring successive prosecutions").

emerged after *Dixon* is the same test the Supreme Court used in *Missouri v. Hunter*[17] in the multiple-punishment context; specifically, that while courts presume, under *Blockburger*, that the legislature did not intend to permit successive prosecution or multiple punishment under two offenses that lack distinct elements, this rebuttable presumption is overcome by clear evidence of legislative intent that both offenses apply.[18] While it is true, as the majority notes, that *Dixon* did not affirmatively adopt the *Hunter* approach, it is reasonable to assume that when the Court merged the analyses, the Court was familiar with its own double-jeopardy jurisprudence in the multiple-punishment context. And *Hunter* continues to be good law today.

Professor LaFave has also recognized *Dixon*'s adoption of legislative deference in its determination of whether offenses are the same.[19] In his treatise, he addressed the Supreme Court's decision in *Harris v. Oklahoma*,[20] a factually similar double-jeopardy case upon which Chaddock relies, in which the Court held that "[w]hen . . . conviction of a greater crime . . . cannot be had without conviction of a lesser crime . . . the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one." Like Chaddock,

---

[17] 459 U.S. at 368–69.

[18] *Bennett*, 44 F.3d at 1372 n.7; *accord State v. Flenoy*, 968 S.W.2d 141, 144–45 (Mo. 1998); *State v. Weaver*, 648 N.W.2d 355, 358–61(S.D. 2002). *See Dixon*, 509 U.S. at 704.

[19] *See* 5 WAYNE R. LAFAVE, ET AL., CRIMINAL PROCEDURE § 17.4(b), at 86 (3d ed. 2007); *see generally* Nancy J. King, *Proportioning Punishment: Constitutional Limits on Successive and Excessive Penalties*, 144 U. PA. L. REV. 101 (1995).

[20] 433 U.S. 682 (1977).

Harris was charged with and convicted of one offense (committing murder in the course of a robbery with firearms) and then, in a separate proceeding, was charged with and convicted of the lesser-included offense (robbery with firearms).[21]   Reading *Dixon* literally—as I suggest we must—Professor LaFave opined that "if . . . the *Dixon* decision really means that the two strands of the double jeopardy clause must be given precisely the same meaning, then the actual holding in *Harris* would likewise be open to circumvention by such legislative action."[22]

Ultimately, we held in *Garza* that, in the multiple-punishment context, engaging in organized criminal activity and the underlying offense are not the same offense.[23]   In accordance with *Hunter*, we reasoned that Section 71.03(3)'s enactment trumped the *Blockburger* test.[24]   If two offenses are not the same offense in the multiple-punishment context, then they should not be considered the same offense in the successive-prosecution context.[25]

In her concurring opinion, Presiding Judge Keller takes issue with my reading of *Dixon* because, as she asserts, it would allow "the legislature [to] abrogate the double-jeopardy protection against successive prosecutions" by creating multiple offenses with the

---

[21]  *Id*.

[22]  5 CRIMINAL PROCEDURE § 17.4(b), at 86.

[23]  *Garza*, 213 S.W.3d at 351–52.

[24]  *Id*.

[25]  *Dixon*, 509 U.S. at 704; *Bennett*, 44 F.3d at 1372 n.7.

same elements and could render acquittals meaningless, undermining the concepts of claim and issue preclusion.[26] Presiding Judge Keller's claims mirror those made by Justice Souter in his dissent in *Dixon* (joined only by Justice Stevens), which were rejected by the majority. Justice Souter argued that

> by defining its offenses with care, the government could not merely add punishment to punishment (within Eighth and Fourteenth Amendment limits), but could bring a person to trial again and again for that same conduct, . . . . The protection of the Double Jeopardy Clause against successive prosecutions is not so fragile that it can be avoided by finely drafted statutes and carefully planned prosecutions.[27]

The collateral estoppel doctrine defined in *Ashe v. Swenson*[28] would still bar relitigating the same factual allegations when previously rejected by a fact-finder.[29]

Presiding Judge Keller's opinion also seems to suggest *Dixon*'s language should be viewed skeptically in light of Justice Scalia's subsequent thoughts on the Double Jeopardy Clause. Her opinion notes Justice Scalia's dissent in *Dep't of Revenue v. Kurth Ranch*[30] where he adopts the position that, in multiple-punishment cases, double-jeopardy claims are more appropriately addressed under the Due Process Clause. However meritorious his personal view may be, it has never been adopted by the Supreme Court and should have no

---

[26] *Ante*, at 1–2 (Keller, P.J., concurring).

[27] *Dixon*, 509 U.S. at 760–61 (Souter, J., dissenting).

[28] 397 U.S. 436 (1970).

[29] *See Dixon*, 509 U.S. at 710 n.15.

[30] 511 U.S. 767, 802–803 (Scalia, J., dissenting).

bearing on our interpretation of *Dixon*.

Judge Cochran, in her concurrence, also suggests that labeling the aggravated assault as a lesser-included offense of engaging in organized criminal activity should end the double-jeopardy analysis. She takes issue with my reading of *Dixon* in light of the Supreme Court's holding in *Rutledge v. United States*, in which the Court held that the offense of participating in a conspiracy to distribute controlled substances was a lesser-included offense of conducting a continuing criminal enterprise; therefore the convictions for both offenses violated double jeopardy.[31] *Rutledge* is inapplicable to the present case. First, *Rutledge* presented the Court with a multiple-punishment double-jeopardy question because Rutledge was tried and convicted for both offenses in a single proceeding.[32] So *Rutledge*'s conclusion neither confirms nor disproves my reading of *Dixon*. Second, even if *Rutledge* had instructive value here, its message is consistent with the conclusion that a court should consider legislative intent once it finds the offenses appear to be the same based on their elements.[33]

Finally, the Court has, as a practical result, created a de facto mandatory-joinder rule. The Legislature intended that a defendant may be punished for both engaging in organized

---

[31] *Rutledge v. United States*, 517 U.S. 292, 300, 307 (1996).

[32] *Id*. at 295.

[33] *See id*. at 303–304 & n.14 (rejecting the government's argument that Congress intended multiple punishment for both offenses).

criminal activity and the underlying predicate offense.[34]  And to give effect to the full punishment envisioned by the Legislature for both engaging in organized criminal activity and the predicate offense, the State is now forced to prosecute both offenses in a single proceeding.  There is no constitutional support for such a forced-joinder rule.

I cannot join the Court's opinion because it results in logical inconsistency in the meaning of the Double Jeopardy's "same offense" language: "that what *is* the same offense is yet *not* the same offense."[35]

DATE DELIVERED: June 27, 2012

PUBLISH

---

[34] *Garza*, 213 S.W.3d at 351–52.

[35] *Dixon*, 509 U.S. at 704.