**STATE of Missouri, Respondent,**

v.

**Keith DOUGLAS, Appellant.**

**No. 45859.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 9, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied Sept. 15, 1983.

Application to Transfer Denied Oct. 18, 1983.

Joseph W. Downey, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of the offense of forcible rape without a weapon, a violation of § 566.030, RSMo.Supp.1982. We affirm.

On May 13, 1981, defendant forcibly raped and sodomized his victim, who was then six months pregnant. On January 14, 1982, the jury found the defendant guilty of both the rape and sodomy charges. In accordance with the punishment assessed by the jury, the trial court sentenced defendant to forty years' imprisonment for the offense of rape without a weapon and fifteen years for sodomy, to run concurrently.

Defendant's sole point on appeal is to challenge the validity of his forty year sentence for rape. Defendant erroneously contends that at the time of his rape conviction, Section 566.030 provided for a sentence of between five and fifteen years' imprisonment. He would have this court believe that the statute was amended after his 1982 conviction and that the amended sentencing provisions were improperly applied to his case.

Section 566.030 was amended in 1980 to provide for a sentence of life imprisonment or a term of years not less than five years upon conviction of forcible rape, § 566.030, RSMo.Supp.1982; 1980 Mo.Laws 497. This amendment became effective August 13, 1980, 1980 Mo.Laws 4, which was well before the offense was committed. Therefore, we find that the defendant's 40 year sentence falls within the authorized range

of punishment under the statute then in effect. § 566.030, RSMo.Supp.1982.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.