**STATE of Missouri, Respondent,**

v.

**Dennis ANDERSON, Appellant.**

**Dennis ANDERSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 58418, 61008.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 20, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 3, 1992.

Application to Transfer Denied
Jan. 26, 1993.

Deborah B. Wafer, Asst. Special Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Dennis Anderson, appeals from the judgment of conviction, after a jury trial, for forcible rape, § 566.030.2, RSMo (1986).[1] He was sentenced, as a class X offender, to imprisonment for a term of forty years. Defendant also appeals from the denial of his Rule 29.15 motion, after an evidentiary hearing. We affirm.

Defendant does not challenge the sufficiency of the evidence to support his convic-

tion. Viewed in the light most favorable to the verdict, the evidence shows that defendant went to the victim's house, identified himself as "Dennis," and stated he was supposed to meet the victim's sister. Defendant then forced his way into the house and raped the victim at knife point.

On appeal, defendant argues: (1) the trial court erred in excluding defendant's proffered evidence relating to alleged "sex for drugs" transactions between the victim and himself; (2) alternatively, the trial court erred in denying defendant's postconviction motion because defendant was denied effective assistance of counsel due to defense counsel's failure to complete his offer of proof as to the expected testimony of a witness and by failing to call that witness to testify; (3) the trial court erred in not declaring a mistrial based upon improper and prejudicial comments by the prosecutor throughout his closing argument; and (4) the trial court committed plain error in imposing a sentence of forty years and erred in denying defendant's Rule 29.15 motion to resentence defendant to a term of thirty years, because the sentence imposed exceeded the maximum term of imprisonment permissible under § 566.030.2.

We first consider defendant's fourth point.[2] Defendant challenges generally his forty year sentence as excessive under the allowable range of punishment for § 566.030.2. At the outset we note that defendant's contention is based upon an incorrect interpretation of the sentencing range established for the offense of forcible rape. Section 566.030.2.[3] provides that forcible rape is an unclassified felony unless aggravated by certain enumerated acts, whereby the offense is a class A

---

1. All further statutory references are to RSMo (1986).

2. Defendant failed to raise this issue in his Rule 29.15 motion. Rather, defendant made the claim without objection at the evidentiary hearing, to which the trial court issued findings of fact and conclusions of law. Arguably this was error. *State v. Loazia,* 829 S.W.2d 558, 569 (Mo.App.1992); *Kelly v. State,* 784 S.W.2d 270, 273 (Mo.App.1989). Defendant also challenged the sentence on direct appeal. Because an un-

authorized sentence would affect substantial rights and result in manifest injustice, we review defendant's point for plain error. Rule 30.20.

3. Mo.L.1980, p. 497, effective August 13, 1980. The 1980 version of § 566.030 (repealed) changed the range of punishment applicable to forcible rape. *See State v. Pippenger,* 708 S.W.2d 256 (Mo.App.1986).

felony. *Toney v. State,* 770 S.W.2d 411, 413–414 (Mo.App.1989). Forcible rape, as an unclassified felony is punishable by a sentence for a term of years of not less than five years or life imprisonment, as specifically set forth in the statute. *Id.* at 414. Otherwise, the offense, as a class A felony under the criminal code, carries a sentence of ten to thirty years or life imprisonment. § 558.011.1(1).

It is unclear upon what basis defendant contends that the punishment is limited by statute to thirty years. Although there was evidence that defendant committed the offense while holding the victim at knife point, defendant was charged, convicted, and sentenced for committing an unclassified forcible rape. *See Tettamble v. State,* 782 S.W.2d 715, 716 (Mo.App.1989); *Wescott v. State,* 731 S.W.2d 326, 332 (Mo.App. 1987). Thus, the sentencing range applicable to defendant's conviction is five years to life imprisonment.

Life imprisonment, as indicated above, is the maximum allowable sentence for the offense of unclassified forcible rape. *State v. Charron,* 743 S.W.2d 436, 438 (Mo.App. 1987). For purposes of calculating the minimum time period of incarceration, for, *inter alia,* a class X offender, life imprisonment equates to a term of fifty years. § 558.019.4(4). As a class X offender, defendant must serve a minimum prison term of eighty percent of his sentence, § 558.-019.2(3), or thirty-two years. Had defendant been sentenced to life imprisonment, the mandatory minimum time served would be forty years. Accordingly, defendant's sentence falls within the statutory limits and is not excessive. *See State v. Douglas,* 657 S.W.2d 703, 703–704 (Mo.App.1983) (forty year sentence for conviction under § 566.030.2 upheld). *Compare State v. Williams,* 828 S.W.2d 894, 903 (Mo.App. 1992) (reversed because the sentence of one-hundred years exceeded maximum sentence of life imprisonment for conviction of unclassified attempted forcible rape). *But cf. State v. Olds,* 831 S.W.2d 713, 721–2 (Mo.App.1992) (seventy-five year sentence on conviction for each count of unclassified forcible rape held not exceeding term of

years provision). Defendant's point is denied.

Defendant's remaining points raised on direct appeal are without merit. An opinion on these points would serve no jurisprudential purpose. Those points are therefore denied. Rule 30.25(b).

Defendant's second point, relating to the denial of his Rule 29.15 motion is also without merit. The judgment of the trial court is based on findings of fact that are not clearly erroneous; no error of law appears. A written opinion on that point would serve no precedential value. Defendant's second point is denied. Rule 84.-16(b).

The judgment of conviction for forcible rape is affirmed. The denial of defendant's Rule 29.15 motion is also affirmed.

PUDLOWSKI and GRIMM, JJ., concur.