Paul C. Wilson, Judge,
Concurring.
I concur in the result reached by the majority opinion, but not its reasoning. The evidence in this case was sufficient to prove that Mr. Clark had actual possession of the two pouches and their contents, but it was not sufficient to prove that he had “knowledge of the presence and nature” of those contents, i.e., that he knew the pouches contained the controlled substance methamphetamine. Accordingly, I would reverse Clark’s conviction on that basis.
Section 195.010(34) provides that a person is in possession of a controlled substance if that person, “with the knowledge of the presence and nature of a substance, has actual or constructive possession of the substance.” As a result, to “prove possession of a controlled substance, the state must show [1] conscious and intentional possession of the substance, either actual or constructive, and [2] awareness of the presence and nature of the substance.” State v. Zetina-Torres, 482 S.W.3d 801, 807 (Mo.banc 2016) (quoting State v. Stover, 388 S.W.3d 138, 146-47 (Mo.banc 2012)).
The verdict director approved by this Court for the crime of possession of a controlled substance reflects the same two statutory elements of possession and knowledge:
If you find and believe from the evidence beyond a reasonable doubt that:
First, that (on) (on or about) [date ], in the (City) (County of) of _, State of Missouri, the defendant possessed [name of the controlled substance], and
Second, that the defendant (knew) (or) (was aware) of its presence and nature,
Then you will find the defendant guilty of possessing a controlled substance.
MAI-CR 3d 325.02 (2013) (emphasis added).
As a result, it is clear that the statutory language, this Court’s precedents, and the jury instruction quoted above uniformly require proof of two separate and distinct elements for the crime of possession of a controlled substance: (1) possession of a substance and (2) “knowledge of the presence and nature” of that substance. Despite this uniformity, the majority opinion blurs this distinction by calling the latter a “condition precedent” to the former.[1] *714 Such confusion is not new. See, e.g., Zetina-Torres, 482 S.W.3d at 807 (“Absent proof of actual possession, constructive possession may be shown when other facts buttress an inference of defendant’s knowledge of the presence of the controlled substance.”) (quoting State v. Purlee, 839 S.W.2d 584, 588 (Mo.banc 1992)). The majority opinion also adds to this confusion by repeated reference to State v. Withrow, 8 S.W.3d 75, 80 (Mo.banc 1999), which inserts into the analysis the unrelated concept of “ownership.”
The question in this ease is not whether the evidence was sufficient to prove that Clark physically possessed the pouches and their contents. It was. Instead, the question is whether the same evidence establishing Clark’s possession of the pouches and their contents (i.e., evidence that the pouches were within his easy reach and control) also was sufficient to prove Clark actually knew of the presence and nature of the contents of those pouches, i.e., that he actually knew they contained methamphetamine. It was not, and Clark’s conviction should be reversed on that basis.
The majority opinion seemingly agrees with this conclusion, op. at 709 (“because the drugs were concealed in closed pouches, mere proximity to the drugs does not create a reasonable inference that Mr. Clark had knowledge of the presence and nature of the methamphetamine in the pouches”), but holds that this constitutes a failure to prove the element of possession. In other words, the majority opinion holds that the evidence was not sufficient to prove that Clark possessed the two pouches and their contents — which were found next to the bed on which he was sitting when the officers arrived — even though section 195.010(34) provides that the element of possession may be proved by evidence that the substance was on the defendant’s “person” or “within easy reach and convenient control” of the defendant. Because the evidence was sufficient for a reasonable factfinder to believe that these pouches and their contents were within Clark’s “easy reach and convenient control,” [2] the majority opinion’s conclusion that the evidence was insufficient to prove the element of possession is incorrect.
Two illustrations may be helpful. Imagine that the pouches had been clear plastic bags or, more to the point, suppose the outside of the pouches had been emblazoned with the words: “Methamphetamine Inside!” With the addition of such evidence, the majority opinion surely would hold that the conviction was supported by sufficient evidence. But this hypothetical new evidence has no logical relevance to the element of whether Clark possessed *715 the pouches and their contents. Instead, its only relevance is to the element of knowledge, i.e., whether Clark had “knowledge of the presence and nature” of the contents of the pouches. Because the addition of this hypothetical evidence surely would change the outcome of the majority opinion, it proves that the deficiency of the evidence actually presented in this case is that it fails to prove knowledge, not possession.
On the other hand, imagine that the evidence of possession was strengthened by evidence that the pouches were lying on the bed six inches from where Clark was sitting when the officers first saw him (rather than lying on, or hanging above, a table “a few feet” away). If the evidence actually presented in this case was insufficient to prove the element of possession, as the majority opinion holds, then the addition of this hypothetical evidence surely would cure that deficiency. If the majority opinion agreed, then its holding would stand only for the modest proposition that the statutory definition of actual possession being “within easy reach and convenient control” of the defendant is met by distances of less than one foot but not by distances of “a few feet.” However, nothing in the majority opinion suggests that this hypothetical evidence would change its result because the analysis in the majority opinion is not based upon any physical limitations on the statutory phrase “within easy reach and control.” As above, therefore, this hypothetical illustrates that the result reached in the majority opinion is driven by the lack of evidence on the element of knowledge, not the element of possession.[3]
*716 To be sure, the two elements of this crime (i.e., possession and knowledge) are related. Evidence that is sufficient to prove the element of possession also may — in some cases — be sufficient to support the inference needed for the second element, i.e., that the defendant had knowledge of the presence and nature of the substance possessed. But this will not be true in every case. For example, evidence that the defendant was arrested with a controlled substance in his hand or pocket will be sufficient to prove the element of possession and — without more— normally will be sufficient to support the inference that the defendant knew of the presence and nature of the controlled substance he possessed.
But possession need not be so intimate. Under section 195.010(34), the element of possession may be proved — as it was in this case — by evidence that the substance was “within easy reach and convenient control” of the defendant, even though it was not on the defendant’s “person.” In such cases, however, additional evidence may be needed before the finder of fact will be allowed to infer the knowledge element, i.e., that the defendant knew the nature and presence of the substance possessed. This will be so where — as here— the circumstances establishing the defendant’s actual possession of a substance simply do not reasonably support the inference that the defendant knew of the presence and nature of the controlled substance he possessed.
Finally, even when the defendant does not have actual possession of the substance, evidence can be sufficient to prove “constructive possession” of a substance if it shows that the defendant had “the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons[.]” § 195.010(34). In those cases, however, evidence sufficient to establish the element of constructive possession likely will not be sufficient to support the inference required by the second element, i.e., that the defendant knew of the presence and nature of the substance. This is so because, when the element of possession is proved by facts showing constructive possession, the defendant’s relationship to the substance possessed is far more attenuated than when there is proof of actual possession (i.e., when a substance is found on the defendant’s person or within his easy reach and convenient control). Without more, such evidence may well be insufficient to support a reasonable inference that the defendant knew of the presence and nature of the controlled substance he constructively possessed.
Here, the evidence was sufficient to prove Clark possessed the pouches and their contents because they were within his easy reach and convenient control when the officers first observed him in the bedroom. This same evidence was not sufficient to support the inference required by the knowledge element, however, because it provides no reasonable basis from which to infer that Clark actually knew both that there was something in those pouches and that the “something” was methamphetamine. Accordingly, I would reverse Clark’s conviction on that basis.[4]

. The flaw in the majority opinion’s reasoning is encapsulated perfectly in the following:
*714 “Plainly stated, a person cannot control a substance if he or she is not conscious of its existence.” Op. at 709. Because a person can possess a substance without being "conscious” of its "existence” or its "nature," section 195.010(34) does not make such possession a crime unless the state also proves that the defendant actually knew (or, in the language of the majority opinion, was “conscious”) that the substance possessed was present and that it was a controlled substance. As a result, the principle stated in the majority opinion, i.e., that "a person cannot control a substance if he or she is not conscious of its existence,” merely restates (in part) the element of knowledge as defined in section 195.010(34).

. Possession of the pouches in this case necessarily proves possession of their contents because the evidence shows both were within Clark’s "easy reach and convenient control.” As discussed below, however, even though this evidence reasonably supports the inference Clark knew of the presence and nature of the pouches, this evidence is not — without more — sufficient to prove Clark actually knew both that there was a substance inside 'the pouches and that this substance was methamphetamine.

. Similarly, the discussion of "joint possession” in the majority opinion sheds no light on whether the evidence actually presented in this case was sufficient to prove the element of possession. This is because section 195.010(34) makes it clear that guilt may be proved either through sole or joint possession. Instead, the significance of "joint possession” is whether evidence that proves the element of possession also is sufficient to prove the element of knowledge. When the evidence of possession is that the substance was not found on the defendant's person but within the easy reach and convenient control of the defendant and another person (i.e., joint possession), then the inference needed for the element of knowledge is weakened and may not be reasonable without some additional evidence from which such knowledge may be inferred. This is the hypothetical offered in the majority opinion. There, the evidence is sufficient for a factfinder to believe John was in actual’ possession of a purse because it was sitting next to him within his easy reach (assuming Jane did not have the purse locked or otherwise secured from John in a way that would preclude finding the purse was within John's "easy reach and convenient control”). But then the majority opinion's hypothetical adds the sort of evidence that was wholly lacking in the trial of this case, i.e., evidence that John had actual knowledge of the presence and nature of a controlled substance in the purse. As a result, if John were to be charged with possession of a controlled substance under such circumstances, the evidence posited in the majority opinion makes a submissible case on both the possession and knowledge elements. It is not clear why the majority opinion finds this absurd, especially given that this Court affirmed the conviction in Zeti-na-Torres on far less evidence. But the heavy reliance on Withrow throughout the majority opinion suggests that it tacitly assumes what Withrow expressly (though mistakenly) stated, i.e., that the possession element is equivalent to "ownership.” Nothing in the plain language of section 195.010(34) supports that view.
By the same token, the discussion of "constructive possession” in the majority opinion also adds nothing to the analysis of whether the evidence was sufficient to prove the element of possession. When the substance is not found on the defendant's person or within his easy reach and convenient control, the evidence still can be sufficient to prove the element of possession if it shows that the defendant had “the power and the intention at a given time to exercise dominion or control over the substance” located somewhere else. § 195.010(34). But, as discussed below, evidence showing a substance was construe- *716 tively possessed may not be sufficient — without more — to support the inference required by the knowledge element.

. The state does not argue that the evidence was sufficient to establish possession in this way, but this likely is the result of prior decisions that vacillate between distinguishing the *717 elements of possession and knowledge and conflating them as done here. In any event, sufficiency of the evidence is a question of law, and the state cannot establish points of law by omission, agreement, or confession of error. See, e.g., State v. Hardin, 429 S.W.3d 417, 424 (Mo.banc 2014) (“The State conceded this point in its brief. Nevertheless, parties cannot stipulate to legal issues, and this Court is not bound by the Attorney General’s confession of error.”); State v. Biddle, 599 S.W.2d 182, 199 (Mo.banc 1980) (“stipulations of litigants cannot be invoked to bind or circumscribe a court in its determination of questions of law”).