

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| | ) | |
| v. | ) | WD82289 |
| | ) | |
| DUSTIN A. FOSTER, | ) | Opinion filed: December 24, 2019 |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF LINN COUNTY, MISSOURI**
**THE HONORABLE TERRY TSCHANNEN, JUDGE**

Division One: Edward R. Ardini, Jr., Presiding Judge,
Mark D. Pfeiffer, Judge and Cynthia L. Martin, Judge

Dustin Foster appeals the judgment of the Circuit Court of Linn County, entered after a bench trial, convicting him of one count of possession of child pornography and one count of sexual exploitation of a minor. Foster argues that possession of child pornography is a lesser-included offense of sexual exploitation of a minor and, as a result, convictions entered against him for both offenses violated his right to be free from double jeopardy. Finding no error, we affirm the trial court's judgment.

## Factual and Procedural Background[1]

Foster was charged with one count of sexual exploitation of a minor and one count of possession of child pornography based on a video recorded on his cell phone of an eight-year-old female ("Victim"). Specifically, the State charged in Count I that Foster committed the offense of sexual exploitation of a minor in that "on or about April 11, 2017, . . . [Foster], knowing of its content and character, created obscene material with a minor by filming a person inside a bathroom standing up with an exposed vagina and exposed buttocks that has a person under the age of fourteen years as a participant." In Count II, the State charged that Foster committed the offense of possession of child pornography in that "on or about April 11, 2017, . . . [Foster] knowingly possessed child pornography of a person less than eighteen years of age, consisting of a person standing up inside a bathroom standing up with an exposed vagina and buttocks and the child pornography consisted of a moving image."

The following evidence was adduced at trial. Foster lived with his mother ("Mrs. Foster"). Victim stayed at their home on April 10 and 11, 2017, while her parents were on a fishing trip. On April 19, 2017, Foster was arrested in connection to allegations of sexual misconduct involving a different minor female.[2]  Prior to being taken into custody, Foster provided his cell phone to Mrs. Foster. Foster had previously provided Mrs. Foster the cell phone's security passcode that permitted Mrs. Foster to access the phone's content. Mrs. Foster thereafter discovered a video on Foster's cell phone recorded on April 11th of Victim in the bathroom. The video was recorded from

---

[1] We state "the facts and all reasonable inferences derived therefrom in a light most favorable to the verdict, and we reject all contrary evidence and inferences." *State v. Liker*, 537 S.W.3d 405, 407 (Mo. App. S.D. 2018) (reviewing a defendant's double jeopardy claim on appeal).

[2] Foster was charged in this case with three additional counts related to this minor female: first-degree statutory rape (Count III), first-degree statutory sodomy (Count IV) and incest (Count V). After the close of the evidence, the trial court granted Foster's motion for judgment of acquittal as to those counts.

Foster's bedroom; Victim was visible through the "propped open" bathroom door. The video showed Victim's face, exposed vagina and exposed buttocks. Mrs. Foster contacted law enforcement and provided the cell phone to the officers.

At the conclusion of Foster's bench trial, the trial court found Foster guilty of sexual exploitation of a minor as charged in Count I and possession of child pornography as charged in Count II. Foster was sentenced to serve concurrent terms of 15 years on Count I and 10 years on Count II. Foster appeals, asserting that convictions for both offenses violated his right to be free from double jeopardy.

## Standard of Review

Foster acknowledges that he failed to raise a double jeopardy claim before the trial court, and thus asks this Court to review this constitutional claim for plain error. "Where an appellant fails to preserve a constitutional claim, this Court may still hear such a claim pursuant to Rule 30.20."[3] *State v. Alexander*, 505 S.W.3d 384, 396 (Mo. App. E.D. 2016). "Rule 30.20 grants this Court authority to consider 'plain errors' by a trial court affecting a party's substantial rights." *Id.* (reviewing an appellant's unpreserved double jeopardy claim for plain error).

"Under plain error review, we will only grant a defendant relief if we find an error occurred, which affected his rights so substantially that a manifest injustice or miscarriage of justice resulted." *Id.* "Plain errors are those which are evident, obvious, and clear . . . ." *Id.* "The defendant has the burden of demonstrating a manifest injustice or miscarriage of justice resulted from the alleged error." *Id.* at 396-97. "Whether a defendant's right to be free from double jeopardy has been violated is a question of law, which we review de novo." *Id.* at 397.

---

[3] Rule 30.20 provides that "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

**Analysis**

In his sole point on appeal, Foster asserts that the "trial court plainly erred in punishing [him] for sexual exploitation of a minor and possession of child pornography because in doing so the trial court violated [his] right to be free from Double Jeopardy as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, in that possession of child pornography is a lesser included offense of sexual exploitation of a minor because it is impossible to create child pornography or obscene material without also possessing it." We conclude that possession of child pornography is not a lesser-included offense of sexual exploitation of a minor, and thus entry of conviction and imposition of sentence for both crimes did not violate Foster's double jeopardy protections.

"The federal double jeopardy clause provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *State v. Hardin*, 429 S.W.3d 417, 421 (Mo. banc 2014) (quoting U.S. Const. amend V). "It provides two basic protections: it protects defendants from successive prosecutions for the same offense after acquittal or conviction and it protects defendants against multiple punishments for the same offense." *Id.* Foster's case implicates the latter protection because he was convicted of the offenses of possession of child pornography and sexual exploitation of a minor at a single trial. *See id.*

"With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.* (quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)). "Double jeopardy analysis regarding multiple punishments is, therefore, limited to determining whether cumulative punishments were intended by the legislature." *Id.* If, as here, "the legislature's intent is not expressed in the statutes in question, we look to the general cumulative punishment

provisions of section 556.041." *See State v. Norman*, 178 S.W.3d 556, 562 (Mo. App. W.D. 2005).

Section 556.041[4] provides, in relevant part:

> When the same conduct of a person may establish the commission of more than one offense he or she may be prosecuted for each such offense. Such person may not, however, be convicted of more than one offense if:
>
> (1) One offense is included in the other, as defined in section 556.046[.]

Pursuant to section 556.046, an offense is "included" in another if it "is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" § 556.046.1(1).[5] This is "an elements test, under which the elements of the offenses at issue are gleaned from the statutory provisions and compared." *Hardin*, 429 S.W.3d at 422. "If each offense requires proof of a fact that the other does not, then the offenses are not lesser included offenses, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Id.* "If a statute may be violated in multiple ways, the critical issue for double jeopardy analysis is what the statute requires; the analysis does not involve how the offense is indicted, proved, or submitted to the jury." *State v. Watkins*, 533 S.W.3d 838, 846 (Mo. App. S.D. 2017) (internal marks and emphasis omitted); *see also State v. Derenzy*, 89 S.W.3d 472, 474 (Mo. banc 2002) ("The elements of the two offenses must be compared in theory, without regard to the specific conduct alleged.").

Accordingly, to determine whether possession of child pornography is a lesser-included offense of sexual exploitation of a minor, we must compare the elements of each crime as derived from their statutory provisions. The elements of possession of child pornography are that the defendant: (1) knowingly or recklessly; (2) possesses; (3) child pornography of a minor less than

---

[4] All statutory references are to RSMo 2016.

[5] Section 556.046.1 describes two other situations in which an offense is included in another, however Foster has not asserted either apply to his situation.

18 years of age or obscene material portraying what appears to be a minor less than 18 years of age. *See* § 573.037.1. The elements of sexual exploitation of a minor are that the defendant: (1) knowingly or recklessly; (2) photographs, films, videotapes, produces, or otherwise creates; (3) child pornography or obscene material with a minor.[6] *See* § 573.023.1.

A review of these elements reveals that each offense necessitates proof of a fact which the other does not. The crime of possession of child pornography requires that the defendant exercised dominion or control[7] over obscene material portraying what appears to be a minor under 18 years old or child pornography. By contrast, in a sexual exploitation of a minor prosecution, the

---

[6] "Child pornography" is defined as:

   (a) Any obscene material or performance depicting sexual conduct, sexual contact as defined in 566.010, or a sexual performance and which has as one of its participants or portrays as an observer of such conduct, contact, or performance a minor; or

   (b) Any visual depiction, including any photograph, film, video, picture or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where:
      a. The production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
      b. Such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct, in that the depiction is such that an ordinary person viewing the depiction would conclude that the depiction is of an actual minor engaged in sexually explicit conduct; or
      c. Such visual depiction has been created, adapted, or modified to show that an identifiable minor is engaging in sexually explicit conduct.

§ 573.010(4). "Obscene" is defined as "any material or performance if, taken as a whole:"

   (a) Applying contemporary community standards, its predominant appeal is to prurient interest in sex; and

   (b) The average person, applying contemporary community standards, would find the material depicts or describes sexual conduct in a patently offensive way; and

   (c) A reasonable person would find the material lacks serious literary, artistic, political or scientific value[.]

§ 573.010(11).

[7] Although "possess" is not defined in chapter 573, it is defined in the general definition section of the criminal code as "having actual or constructive possession of an object with knowledge of its presence." § 556.061(38). "A person has actual possession if such person has the object on his or her person or within easy reach and convenient control." *Id.* "A person has constructive possession if such person has the power and the intention at a given time to exercise dominion or control over the object either directly or through another person or persons." *Id.*

defendant must be shown to have created child pornography or obscene material with a minor. Proof of dominion or control over the material is not an element of sexual exploitation of a minor and proof of creation is not an element of possession of child pornography. This variation compels the conclusion that possession of child pornography is not a lesser-included offense of sexual exploitation of a minor.[8] *See Norman*, 178 S.W.3d at 563 (holding that possession of a controlled substance is not a lesser-included offense of manufacturing that same controlled substance because each crime requires proof of different elements); *State v. Brown*, 750 S.W.2d 139, 142 (Mo. App. E.D. 1988) (concluding that possession of marijuana is not a lesser-included offense of manufacturing marijuana because the offenses "contain different elements").

Foster dismisses this elemental divergence as essentially a distinction without a difference because, he posits, it is impossible to create child pornography or obscene material without also possessing it. However, this Court has repeatedly rejected similar arguments when made in the double jeopardy context in cases involving convictions for possession and manufacturing of controlled substances, which we find analogous to the offenses at issue in this appeal.[9] *See Wright*

---

[8] Although Foster asserts that this case turns on the question of whether one can create pornographic or obscene material without also possessing it, we note there are also differences in proof required for the third elements of each offense. To prove sexual exploitation of a minor, the State is required to prove that the material at issue is either "obscene material with a minor or child pornography." *See* § 573.023.1. To prove possession of child pornography, the State is required to prove that the material at issue is either "child pornography of a minor less than eighteen years of age or obscene material portraying *what appears to be* a minor less than eighteen years of age." *See* § 573.037.1 (emphasis added). Thus, proof that the subject of the obscene material was actually under 18 is required to convict for sexual exploitation of a minor, whereas proof that the subject of the obscene material *appeared* to be under 18 is required to convict for possession of child pornography.

[9] Foster fails to acknowledge or distinguish *Wright* and *Norman* and instead relies on *State v. Kamaka*, 277 S.W.3d 807 (Mo. App. W.D. 2009) and *State v. Derenzy*, 89 S.W.3d 472 (Mo. banc 2002). This reliance is misplaced as neither *Kamaka* nor *Derenzy* involved a defendant—like Foster—convicted of a combination of offenses relating to manufacturing/creating contraband and possessing the same contraband. *Kamaka* involved the offenses of possession of child pornography and promotion of child pornography and *Derenzy* involved the offenses of possession of a controlled substance and delivery of a controlled substance within 2,000 feet of a school. Both *Kamaka* and *Derenzy* turned on the fact that to disseminate or distribute, a defendant must necessarily have "the power and intention to exercise dominion or control" over the contraband at issue. *See Kamaka*, 277 S.W.3d at 814-15 (quoting *Derenzy*, 89 S.W.3d at 474). That same proposition was rejected in the context of a manufacturing offense in *Wright* and *Norman* and must fail here as well.

*v. State*, 453 S.W.3d 234, 239 (Mo. App. W.D. 2014) (noting that the movant's argument—which was that it was impossible for him to manufacture marijuana without also possessing it—was "not novel" and has been rejected numerous times (citing cases)); *Norman*, 178 S.W.3d at 562 (rejecting the defendant's argument that "possession of methamphetamine is a lesser-included offense of manufacturing because it is impossible not to possess the drug once it has been manufactured").

Based on the foregoing, we conclude that possession of child pornography is not a lesser-included offense of sexual exploitation of a minor and, as a result, Foster's convictions for both crimes did not violate his right to be free from double jeopardy.

Point denied.

## Conclusion

We affirm the judgment of the trial court.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.