

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED109930 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 1922-CR01088-01 |
| | ) | |
| SYLVESTER ONYEJIAKA, JR., | ) | Honorable Bryan L. Hettenbach |
| | ) | |
| Appellant. | ) | Filed:  September 27, 2022 |

## OPINION

Sylvester Onyejiaka ("Onyejiaka") was found guilty by a jury in the Circuit Court of the City of St. Louis of two crimes - (1) the possession of a controlled substance and (2) the unlawful use of a weapon by possessing a firearm while also being in possession of a controlled substance. These charges arose from a traffic stop that took place on January 28, 2019, in which police officers discovered a firearm and a small bag of crack cocaine in Onyejiaka's vehicle.  In his sole point on appeal, Onyejiaka asserts that since both counts share the offense of possession of a controlled substance and the legislature did not specifically authorize cumulative punishments for both offenses, the trial court violated his right to be free from double jeopardy under the Fifth Amendment of the United States Constitution by accepting guilty verdicts, entering judgment, and sentencing Onyejiaka on both counts.

We affirm because we find that these two convictions and sentences are not for the same offense and thus do not violate Onyejiaka's right to be free from double jeopardy.

**Factual and Procedural Background**

On January 28, 2019, two officers patrolling the Walnut Park West neighborhood, a high-crime area in the City of St. Louis, pulled over Onyejiaka's Nissan sedan to conduct a traffic stop. As the officers approached the vehicle, they asked Onyejiaka, the vehicle's sole occupant, to lower the windows. At that point, they observed a firearm between the driver's seat and the center console. Onyejiaka gave the officers consent to search his vehicle.

While searching the vehicle, the officers discovered in the center console an off-white substance wrapped in cellophane. The substance was later identified as .33 grams of crack cocaine. Onyejiaka was arrested at the scene. After being Mirandized, Onyejiaka stated that he was going to use the substance to smoke "mo," which the officers understood to be "primo," a mixture of marijuana and crack cocaine.

Onyejiaka was charged under section 579.015.1[1] with possession of a controlled substance, and under section 571.030.1(11) with unlawful use of a firearm while in possession of a controlled substance. The jury found him guilty of both offenses and the trial court sentenced him to three years in prison on each count. The court suspended execution of the sentences and placed him on two years of supervised probation. Onyejiaka now claims on appeal that the convictions and sentences violated his right to be free from double jeopardy.

**Standard of Review**

Since Onyejiaka failed to raise his double jeopardy argument in the trial court, he now seeks plain error review pursuant to Missouri Supreme Court Rule 30.20[2]. Plain error is

---

[1] All statutory references are to Revised Statutes of Missouri (2016) unless otherwise stated.
[2] All rule references are to the Missouri Supreme Court Rules (2018).

appropriate when we find that manifest injustice or a miscarriage of justice has resulted from the trial court's error. *State v. Baumruk*, 280 S.W.3d 600, 607 (Mo.banc 2009). "Generally . . . we have discretion to review for plain error only where the appellant asserting error establishes facially substantial grounds for believing that the trial court's error was evident, obvious, and clear, and that manifest injustice or a miscarriage of justice has resulted." *State v. Clark*, 494 S.W.3d 8, 12 (Mo. App. E.D. 2016).

In general, the party seeking review of a constitutional issue must raise the issue at the earliest opportunity possible. *State v. Liberty*, 370 S.W.3d 537, 546 (Mo.banc 2012). However, because the right to be free from double jeopardy is a "constitutional right that goes 'to the very power of the State to bring the defendant into court to answer the charge brought against him,'" *id.* (quoting *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)), a double jeopardy violation that can be determined from the face of the record is entitled to plain error review even if the defendant failed to preserve the issue. *State v. Neher*, 213 S.W.3d 44, 48 (Mo.banc 2007).

## Discussion

The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life and limb." U.S. CONST. amend. V. The Double Jeopardy Clause offers: "(a) protection from successive prosecutions for the same offense after either an acquittal or conviction and (b) protection from multiple punishments for the same offense." *State v. Flenoy*, 968 S.W.2d 141, 143 (Mo.banc 1998) (citing *State v. Snider*, 869 S.W.2d 188, 195 (Mo. App. E.D. 1993). The latter protection is at issue here. When multiple punishments are implicated, we consider whether "cumulative punishments were intended by the legislature . . . ." *State v. McTush*, 827 S.W.2d 184, 186 (Mo.banc 1992).

To determine legislative intent, we examine the statutes at issue to decide whether the legislature "clearly expressed" an intent to apply cumulative punishments for the same conduct. *Flenoy*, 968 S.W.2d at 144. If the statutes "specifically authorize" cumulative punishments, no double jeopardy issue exists. *McTush*, 827 S.W.2d at 186. If, however, the statutes are silent as to cumulative punishments, we look to section 556.041, the "general intent" statute. *Id.* at 187.

Therefore, we first consider the language of the criminal statutes at issue—section 579.015 and section 571.030—to decide whether they expressly authorize cumulative punishments. Section 579.015.1 states, "A person commits the offense of possession of a controlled substance if he or she knowingly possesses a controlled substance . . . ." Section 571.030.1 establishes the offense of unlawful use of weapons when the offender uses a weapon in one of eleven different factual contexts, one of which is when "he or she knowingly . . . possesses a firearm while also knowingly in possession of a controlled substance that is sufficient for a felony violation of section 579.015." Both statutes are silent as to cumulative punishments.

Although the State concedes that neither statute expressly sanctions multiple punishments for these crimes, it insists that since the legislature need not use "certain magic words" to express its intent, we may glean from the plain language of these statutes and their legislative histories that the legislature intended cumulative punishments. *Batchel v. Miller Cnty. Nursing Home Dist.*, 110 S.W.3d 799, 804 (Mo.banc 2003). We disagree.

While we agree that the legislature need not use "certain magic words," the words it uses must express its intent to apply cumulative punishments and here the State has failed to identify such an expression of intent. And we know that the Missouri legislature knows how to do so. For example, section 571.015, the armed criminal action statute, articulates that "[t]he punishment imposed pursuant to this subsection shall be *in addition to* and consecutive to any punishment

provided by law for the crime committed, by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon." (Emphasis added). In this regard, the legislature expressed its intent in clear and unequivocal language.[3]

Nevertheless, in cases where the statutes are silent on the question, courts look to section 556.041. In *State v. Elliott*, the court decided that "because the statutes are silent on the issue, we must examine whether cumulative punishment is permitted for the same conduct pursuant to [section] 556.041, which states the *legislature's general intent regarding cumulative punishments*." 987 S.W.2d 418, 478 (Mo. App. W.D. 1999) (emphasis added). Furthermore, in *State v. Walker*, where the forcible rape and statutory rape statutes were silent on the issue of cumulative punishments, the court rejected the defendant's argument that the legislative history indicated that the legislature intended cumulative punishments and instead relied on the general cumulative punishment statute, section 556.041. 352 S.W.3d 385, 389-392 (Mo. App. E.D. 2011).

Section 556.041 states that "[w]hen the same conduct of a person may establish the commission of more than one offense he or she may be prosecuted for each such offense. Such person may not, however, be convicted of more than one offense if . . . one offense is included in the other, as defined in section 556.046." Under section 556.046, "[a]n offense is so included when . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged."

---

[3] Courts have applied this language to reject assertions of double jeopardy violations based on the armed criminal action statute and an underlying statutory violation. *See Flenoy*, 968 S.W.2d at 145 (holding that murder, robbery, and armed criminal action did not constitute the same offenses because the legislature clearly stated that the punishment for armed criminal action was to be "in addition to" punishments for related felonies); *see also State v. Couts*, 133 S.W.3d 52, 56 (Mo.banc 2004) (holding that defendant's convictions of both the armed criminal action and unlawful use of a weapon did not violate double jeopardy because the legislature "specifically intended to permit conviction and sentence for both offenses.").

In determining whether an offense is included in the other, we focus on the statutory elements of the offenses as opposed to "how the . . . offense was indicted, proved, or submitted to the jury." *State v. Hardin*, 429 S.W.3d 417, 423 (Mo.banc 2014); *see also Elliott*, 987 S.W.2d at 421. In other words, we focus on *all* the statutory elements of the offenses as a whole set forth in the statutes rather than simply on the elements of the offense listed in the indictment. Moreover, if a statute may be violated in multiple ways, the critical issue for double jeopardy purposes is what the statute requires and we do not limit our analysis to the specific way the indictment claims the statute was violated. *See State v. Watkins*, 533 S.W.3d 838, 846 (Mo. App. S.D. 2017); *State v. Derenzy*, 89 S.W.3d 472, 474 (Mo.banc 2002) ("The elements of the two offenses must be compared in theory, without regard to the specific conduct alleged."). Missouri courts have consistently rejected an indictment-based application when considering if an offense is included. *State v. Collins*, No. SC 99211, 2022 WL 1559253 at *7 (Mo.banc 2022).

The foregoing principles are well-illustrated in *State v. Hardin*, where the court faced circumstances similar to those before us. In *Hardin*, the defendant claimed that his convictions for a protective order violation and for aggravated stalking constituted double jeopardy because they were based on the same conduct. 429 S.W.3d at 421. Similar to section 571.030 at issue here, which includes eleven different ways to commit the offense of unlawful use of a weapon, the aggravated stalking statute may be violated in five different ways including the violation of a protective order. *Id.* at 423.

The *Hardin* court rejected his double jeopardy claim reasoning that because it was possible to commit aggravated stalking without violating an order of protection, i.e., by engaging in one of the four other aggravators listed in the statute, violating a protective order was not included in the offense of aggravated stalking for double jeopardy purposes. *Id.* at 424.

Additionally, in *State v. Collins*, the defendant asserted that second-degree harassment was a lesser included offense of tampering with a judicial officer. WL 1559253 at *5. Similar to the statute at issue here and to the aggravated stalking statute in *Hardin*, the tampering statute included four distinct ways to commit the offense. *Id.* at *6. Thus, in rejecting Collins's double jeopardy claim, the court found that it was "possible to commit tampering with a judicial officer without also committing second-degree harassment." *Id.* at *7; *see also State v. Watkins*, 533 S.W.3d 838, 846 (Mo. App. S.D. 2017).

The reasoning employed by the *Hardin* and *Collins* courts applies here and is fatal to Onyejiaka's appeal because he could have violated section 571.030 in eleven different ways—for example, by setting a spring gun (section 571.030.1(2)), or discharging a firearm into a dwelling house (section 571.030.1(3)). We conclude therefore that Onyejiaka's conviction for possession of a controlled substance is not included in his conviction for unlawful use of weapons because it is possible to violate the statute on the unlawful use of a weapon without also violating the possession-of-a-controlled-substance statute.

For his part, Onyejiaka asserts that the statutes at issue in *Hardin* and *Collins* are distinguishable from the statutes at issue here in that section 571.030.1's subsections operate independently of one another and are tied to different punishments. Accordingly, he contends that we should compare only the "relevant" subsection, section 571.030.1(11), with the elements of possession of a controlled substance because "this comports with how Missouri courts have routinely applied the same elements test when analyzing the unlawful use of weapons statute for double jeopardy purposes" (*citing Bates v. State*, 421 S.W.3d 547, 551 (Mo. App. E.D. 2014);

*State v. Alexander*, 505 S.W.3d 384, 398 (Mo. App. E.D. 2016)). We disagree and are unpersuaded by the authorities on which Onyejiaka relies.[4]

We conclude, therefore, that the reasoning employed in *Hardin* and *Collins* controls here inasmuch as those cases are directly on point. Possession of a controlled substance requires proof that the defendant knowingly possessed the illegal substance. And the crime of unlawful use of a weapon could be established by possessing a controlled substance, but it could also be established by proof of other facts. Therefore, the offense of unlawful use of a weapon does not include possession of a controlled substance for double jeopardy purposes.

## Conclusion

Because we find that the trial court did not plainly err by accepting the guilty verdicts, entering judgment, and sentencing Onyejiaka on both counts for which he was tried, we affirm the judgment of the trial court.

James M. Dowd, Judge

Kelly C. Broniec, P.J., and
Philip M. Hess, J. concur.

---

[4] For instance, in *Bates*, the defendant argued that his convictions of first-degree assault and unlawful use of a weapon under section 571.030.1(3) violated his right to be free from double jeopardy because the convictions were based on the same conduct. 421 S.W.3d at 550. The first-degree assault statute states, "A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." Section 565.050.1. The unlawful-use-of-a-weapon statute states, "A person commits the crime of unlawful use of a weapon if he or she knowingly . . . discharges or shoots a firearm into a dwelling house." Section 571.030.1(3). The *Bates* court rejected the double jeopardy argument because each offense had an element different from the other. *Id.* One statute required proof that the shot was fired at a dwelling house, while the other required proof that the shot was fired in attempt to injure another person. *Id.* As a result, the court was not required to conduct the section 556.041 analysis to determine whether the unlawful use of a weapon was an offense included in the assault charge because the first-degree assault charge and the unlawful-use-of-a-weapon charge under subsection 3 of section 571.030.1 had different elements. *Id.* (*See also State v. Alexander*, 505 S.W.3d 384, 398 (Mo. App. E.D. 2016)).